

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GAIL F. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 13 CV 8362 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| U.S. BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant U.S. Bank National Association's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [19] is granted.

## STATEMENT

Plaintiff Gail F. Thompson ("Plaintiff") sues Defendant U.S. Bank, N.A. ("Defendant") for state law claims of negligence and aiding and abetting her former business partner, Omar De'Sha Harris ("Harris"), with his criminal activity. Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." Id. at 934 (internal quotation marks and citation omitted). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citation omitted). A plaintiff, however, may plead [her]self out of court by "pleading facts that show he has no legal claim." Atkins v. City of Chi., 631 F.3d 823, 832 (7th Cir. 2011) (citations omitted).

Plaintiff alleges that in 2012, she "naively joined [Deshamusic, Inc.], what [she] thought was a legitimate business," with her business partner, Harris, who "turned out to be a fraud and a con-artist." Am. Compl. ¶¶ 4, 6. As part of Harris's alleged fraudulent activity, Plaintiff claims that he used her name, without her knowledge, to open a $4,000.00 Business Reserve Line of credit with Defendant for Deshamusic, Inc. As a result, Defendant held Plaintiff responsible for the debt owed under that line of credit, as well as for debt owed under business credit cards which she knowingly opened with Harris, albeit not for his "personal spending spree." Id. ¶ 5. Ultimately, Plaintiff alleges that she has "been damaged by [Defendant] negligently not verifying

one line of this Business Reserve Line Application with [her] but aiding and abetting Mr. Harris with his criminal activity." Id. ¶ 3. In relief, Plaintiff seeks the following:

> Wherefore, Plaintiff Gail F. Thompson, requests 1) U.S. Bank re-write/change/make new Policies, Procedures, Protocols, Regulations, Instructions, or Technical Orders that clearly state ALL applications will be verified, line-by-line, in person with at least 2 picture IDs before approval; 2) any other ideas U.S. Bank has to prevent Fraud and/or Identity Theft so as to prevent this misunderstanding from occurring again and, thereby, protecting their clients and the public; 3) remove all U.S. Bank liability from me; 4) restore my credit rating by undoing all that U.S. Bank has done; 5) assisting in stopping Omar De'Sha Harris with any information U.S. Bank may have or will have in the future regarding any of his businesses; 6) $100,000,000.00 for court fees including parking and transportation, mental anguish and undue stress due to harassment from phone calls, letters, and collection agencies requesting payment, a decline in my credit rating, my precious time, and as an ethical lesson to be learned by a long-time professional business.

Id. at p. 4.

With respect to Plaintiff's claim for negligence, Defendant argues that she cannot show that Defendant, as opposed to her "fraudster" business partner, was the proximate cause of her alleged injuries. In Illinois, to succeed on a negligence claim, a plaintiff must be able to prove "'that the defendant owed a duty to the plaintiff, that defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries.'" Blood v. VH-1 Music First, 668 F.3d 543, 546 (7th Cir. 2012) (quoting First Springfield Bank & Trust v. Galman, 720 N.E.2d 1068, 1071 (Ill. 1999)). "Proximate cause describes two distinct requirements—cause in fact and legal cause." TIG Ins. Co. v. Giffin Winning Cohen & Bodewes, P.C., 444 F.3d 587, 591 (7th Cir. 2006). "Cause in fact exists only if the defendant's conduct was a 'material element and a substantial factor in bringing about the injury.'" Id. (quoting Abrams v. City of Chi., 811 N.E.2d 670, 675 (Ill. 2004)). "Legal cause on the other hand, is essentially a question of foreseeability, and we must determine whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct." Blood, 668 F.3d at 546 (internal quotation marks and citations omitted) (emphasis removed). "Ordinarily, proximate cause is a question for the trier of fact, but proximate cause may be found as a matter of law when the facts are not only undisputed but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them." Id. (internal quotation marks and citations omitted).

Here, even assuming that Defendant was the cause in fact of Plaintiff's injuries, the allegations as pleaded by Plaintiff show that Defendant's actions were not the legal cause of her injuries. Plaintiff alleges that "[she] naively joined, what [she] thought was a legitimate business," thereby admitting that, for better or worse, she was in fact a member of Deshamusic, Inc. Am. Compl. ¶ 4. Plaintiff further alleges that approximately one to two weeks after the application for the business reserve line of credit for Deshamusic Inc. was submitted by Harris, "Mr. Harris & I went to U.S. Bank, spoke with the[] Branch Manager, Allen K. Wright, and received business credit cards." Id. In so pleading, Plaintiff admits that seven to fourteen days after the allegedly fraudulent application was submitted, she verified her identity as a member of the subject business with Defendant by visiting the bank as a member of Deshamusic, Inc., and applying for and being issued business credit cards. Rather than suggest a right to relief, Plaintiff's allegations show that, during the time in which the subject application was submitted, both Plaintiff and Defendant believed that Deshamusic Inc. was a legitimate corporation of which Plaintiff was a member.

2

Based on Plaintiff's pleadings, it was not foreseeable to Defendant or Plaintiff at the time of the application, and indeed one to two weeks thereafter, that the application may have been fraudulent. Because Plaintiff's pleadings show that Defendant is not the legal cause of her injuries, her negligence claim fails. See Kaskel v. Northern Trust Co., No. 99 C 2421, 2001 WL 1135102, at *6 (N.D. Ill. Sept. 24, 2001), aff'd, 328 F.3d 358 (7th Cir. 2003) (finding that the plaintiff's negligence claim failed as a matter of law because although "Northern Trust's payment [of the unendorsed check] might have been a cause in fact of Kaskel's loss," Northern Trust's breach "was not the legal cause of Kaskel's loss . . . [because] the law does not make Northern Trust the insurer of Kaskel's transactions, particularly a transaction as risky as the unsecured one that Kaskel entered into with MLS"). Consequently, the Court need not address Defendant's arguments with respect to the preemption of Plaintiff's requested relief by the National Bank Act ("NBA"), 12 U.S.C. § 21, et seq.

Defendant also argues that Plaintiff fails to allege a claim for aiding and abetting in accordance with the heightened pleading standard of Rule 9, which is required for claims of fraud. See Fed. R. Civ. P. 9(b). "Under Illinois law, to state a claim for aiding and abetting, one must allege (1) the party whom the defendant aids performed a wrongful act causing an injury, (2) the defendant was aware of [its] role when [it] provided the assistance, and (3) the defendant knowingly and substantially assisted the violation." Hefferman v. Bass, 467 F.3d 596, 601 (7th Cir. 2006) (citing Thornwood, Inc. v. Jenner & Block, 799 N.E.2d 756, 767 (Ill. App. Ct. 2003)). Here, Plaintiff fails to allege that Defendant was aware that the application for the business reserve line of credit was fraudulently submitted without Plaintiff's knowledge, or that Defendant knowingly participated in Harris's fraudulent activity with respect to Deshamusic Inc. and its debts. Accordingly, Plaintiff's Amended Complaint fails to state a claim for aiding and abetting Harris's fraudulent activity against Defendant.

Finally, to the extent that Plaintiff abandons her claims for negligence and aiding and abetting in her reply brief in exchange for a claim that Defendant violated the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311, et seq., by failing to follow appropriate procedures for opening an account, this claim also fails because there is no private right or cause of action under this statute. See Marlin v. Moody Nat'l Bank, N.A., No. H-0404443, 2006 WL 2382325, at *7 (S.D. Tex. Aug. 16, 2006), aff'd, 248 F. App'x 534 (5th Cir. 2007) ("Even if [Defendant] had had a duty to the plaintiffs, they have not shown what the duty is and that it was breached. [Plaintiff] says that the Bank Secrecy Act imposes a duty on banks to investigate, prevent money laundering, and report suspicious activity. The obligation under that statute is to the government rather than some remote victim. The obligation is not to roam through its customers looking for crooks and terrorists. By that act, banks do not become guarantors of the integrity of the deals of their customers. It does not create a private right of action. . . .").

For the foregoing reasons, Defendant's motion to dismiss is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 29, 2014

3